**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| MARI ENGEN, an individual, | Case No. 2:25-cv-00257 JHC |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendant. | |

1.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.[1] The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

---

[1] The Court has revised the proposed order as set forth below.

2.    "CONFIDENTIAL" MATERIAL

"Confidential" material ~~may~~ includes but is not limited to the following categories of competitively sensitive, internal-use only, or trade secret documents or information (including electronically stored information), and tangible things if produced or otherwise exchanged:

**1)**    Sensitive personal information, such as Social Security Numbers and financial records. This includes tax records, bank account statements and bookkeeping records that were not previously provided to State Farm as part of the claims process or underwriting process;

**2)**    Claims training and procedure manuals and other materials that contain trade secret, confidential, internal-use only, and/or proprietary research, development, and/or commercial information of State Farm;

**3)**    Materials relating to employee evaluations, compensation, performance reviews, and/or other sensitive, personal, non-job related, and private information; and

**4)**    Confidential and/or trade secret claims-handling and claims process materials, underwriting materials, insurance pricing, and/or documents relating to State Farm policies and practices.~~; and~~

~~**5)**    Reinsurance.[2]~~

The parties shall reserve the right to seek by stipulation or motion to enlarge this list as discovery proceeds in the event that any Party seeks additional information not included in the above description which is entitled to protections and is otherwise discoverable under Federal Rule of Civil Procedure 26 and the local rules.

The listing of specific types of documents is not an admission that such are relevant to this case, that such will be produced, that such are otherwise subject to discovery or admissible evidence, or that such are actually confidential. Such listing indicates that if such production is required, it will be done pursuant to the terms of this Protective Order. There may be other categories of documents, and this list may be expanded or narrowed.

---

[2] The Court strikes this provision as vague.

STIPULATED PROTECTIVE ORDER

3.    <u>SCOPE</u>

    3.1    The protections conferred by this Order cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

    However, the protections conferred by this Order do not cover information that is in the public domain through proper means or becomes part of the public domain through trial.

    3.2    To the extent Plaintiff designates materials as CONFIDENTIAL nothing in this Order shall be construed to prohibit or restrict State Farm's rights and obligations regarding retention and disclosure of information according to the terms and conditions of plaintiffs' insurance policy.

    Nothing in this order shall prevent State Farm from retaining all documents necessary for regulatory compliance activities, nor from producing any documents necessary for regulatory compliance activities.

4.    <u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>

    4.1    <u>Basic Principles</u>. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    4.2    <u>Disclosure of "CONFIDENTIAL" Material</u>. Unless otherwise ordered by the

STIPULATED PROTECTIVE ORDER

court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)     the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court, including the court personnel and staff, court reporters and staff, as well as mediators, arbitrators, jury consultants, or factfinder(s) while in trial;

(e)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. . Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

STIPULATED PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

4.3    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied without prejudice to renew and, depending on what is being filed and why, there may be a strong presumption of public access to the Court's files.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates materials for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary

STIPULATED PROTECTIVE ORDER

expenses and burdens on other parties) may expose the designating party to sanctions.

If it comes to a designating party's attention that materials that it designated for protection does not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, sections 5.2(b) and 5.3 below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within thirty (30) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. Whether or not designation is made at the time of a deposition, all depositions shall be treated as Confidential from the taking of the deposition until thirty (30) days after receipt of the transcript. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)    Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the item is stored the word "CONFIDENTIAL–

SUBJECT TO PROTECTIVE ORDER." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

(d)    <u>Confidential material at trial</u>. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. In the event confidential material (documents or testimony) is used in any court filing or proceeding in this action, it shall not lose its confidential status as between the parties through such use, but it will not be kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. A party that intends to present said confidential material at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the confidential material. The party designating the confidential material may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection, if any, may be afforded to such information at the trial. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified material does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any material designated in this action as "CONFIDENTIAL– SUBJECT TO PROTECTIVE ORDER," that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

STIPULATED PROTECTIVE ORDER

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

8.1    If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Further, the disclosing party shall send written notice to the designating party's counsel providing:

(a)    The names and addresses of the entity or individual to whom the Confidential Information was inadvertently disclosed.

(b)    The date of the disclosure.

(c)    A copy of the notice and demand sent to the entity or individual that inadvertently received the information.

8.2    Unauthorized disclosure may expose that Party to sanctions by this Court to the extent allowed by law, including pursuant to Rule 11.

9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL AND/OR NON-RESPONSIVE MATERIAL

9.1    When a producing party gives notice to receiving parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the receiving

STIPULATED PROTECTIVE ORDER

parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), Federal Rule of Evidence 502(d), and Rule of Professional Conduct 4.4(b). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Civil Procedure 26(b)(5)(B), Federal Rule of Evidence 502(d), and Rule of Professional Conduct 4.4(b).

9.2    When a producing party gives notice to receiving parties of an inadvertent or mistaken production of non-responsive material that contains trade secret or other confidential business information, the receiving parties shall return or destroy these materials upon written request by the producing party. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Civil Procedure 26(b)-(c) and Rule of Professional Conduct 4.4(b).

9.3    The inadvertent or mistaken production of any Confidential Information which does not contain a designation of "Confidential" may be corrected as set forth in 5.3, and does not estop a designation of "Confidential" at a later date, provided that such subsequent designation is made prior to final and appealable judgment in this case.

10.    <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

10.1    Within 60 days after the termination of this action, including all appeals, each receiving party must shred (if paper) or delete (if electronic) all confidential materials, as well as all copies, extracts, notes, reports, memoranda, summaries, or other documents containing such confidential information. Alternatively, the parties may agree upon appropriate methods of destruction.

10.2    Notwithstanding this provision, counsel may retain one archival copy of: all documents filed with the court; trial, deposition, and hearing transcripts; deposition and trial

STIPULATED PROTECTIVE ORDER

exhibits; expert reports; and attorney work product. Any such documents that contain confidential material shall remain subject to all requirements of this Protective Order for a period of seven (7) years after the termination of this action, including all appeals. Counsel's one archival copy is for the sole and exclusive purpose of complying with any Rule of Professional Conduct and ethical obligations owed to their respective clients. After the expiration of the seven (7) year period provided herein, all documents that contain confidential material must be shredded (if paper) or deleted (if electronic).

10.3    The confidentiality obligations imposed by this Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise. The obligations of this Protective Order shall survive the termination of this action and continue to bind the parties, their counsel, and experts and consultants receiving Confidential information under 4.2. The Court will have continuing jurisdiction to enforce this Protective Order irrespective of the manner in which this action is terminated.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  June 10th, 2025                    KENNEDYS CMK LLC


                                           By: *s/  Terri A. Sutton*
                                              Terri A. Sutton, WSBA # 44842
                                           *Attorney for State Farm Casualty Company*
                                           1420 Fifth Avenue, Ste 2200
                                           Seattle, WA 98101
                                           Phone: 564-224-9101
                                           Email: terri.sutton@kennedyslaw.com

Dated:  June 10th, 2025                    RUIZ & SMART LLP


                                           By: *s/ Issac Ruiz*
                                              Isaac Ruiz, WSBA #35237
                                              Brenna Pink Pampena, WSBA #62986
                                           *Counsel for Mari Engen*

STIPULATED PROTECTIVE ORDER

901 Fifth Avenue, Ste 820
Seattle, WA 98164
Phone: 206-203-9100
Email: bpinkpampena@ruizandsmart.com

STIPULATED PROTECTIVE ORDER

1

2
PURSUANT TO STIPULATION, IT IS SO ORDERED

3
       IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

4
documents, electronically stored information (ESI) or other information, whether inadvertent or

5
otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal

6
or state proceeding, constitute a waiver by the producing party of any privilege applicable to

7
those documents or information, including the attorney-client privilege, attorney work-product

8
protection, or any other privilege or protection recognized by law. This Order shall be

9
interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions

10
of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to

11
limit a party's right to conduct a review of documents, ESI or information (including metadata)

12
for relevance, responsiveness and/or segregation of privileged and/or protected information

13
before production. Information produced in discovery that is protected as privileged or work

14
product shall be immediately returned to the producing party.

15
       DATED this 11th day of June, 2025.

16

17
                        John H. Chun

18
                        John H. Chun
                        United States District Judge

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER

EXHIBIT A: ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in

the case of *Engen v. State Farm Fire & Casualty Company*, Case No. 2:25-cv-00257 JHC.

I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order, including the term that within 60 days after the termination of this action, including all

appeals, I shall provide written confirmation to counsel of record for Plaintiff that documents

and transcripts of testimony that have been designated by State Farm as Confidential or as

disclosing the contents of Confidential documents have been shredded (if paper) or deleted (if

electronic), including the shredding and deletion of all copies, extracts, notes, reports,

memoranda, summaries thereof, or other documents containing such confidential information. I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER